# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1069V

| | |
|---|---|
| JOHN HAUCK, | Chief Special Master Corcoran |
| Petitioner, | Filed: January 15, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Bridget Corridon, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON JOINT STIPULATION[1]

On July 12, 2023, John Hauck filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On June 18, 2024, he filed an amended petition. Petitioner alleges that he suffered from Guillain-Barré syndrome ("GBS") resulting from an influenza ("flu") vaccine received on October 26, 2022. Amended Petition at 1; Stipulation, filed January 15, 2025, at ¶¶ 2-4. Petitioner further alleges that the vaccine was administered in the United States, he suffered from the residual effects of GBS for more than six months, there is not preponderant evidence demonstrating that his GBS is due to a factor unrelated to vaccination, and there has been no prior award or settlement of a civil action for damages on Petitioner's behalf as a result of his condition. Petition at ¶¶ 39-41; Stipulation at ¶¶ 3-6.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On November 18, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On January 15, 2025, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

**A lump sum of $123,209.98 in the form of a check payable to Petitioner**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

JOHN HAUCK,

          Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

No. 23-1069V
Chief Special Master Corcoran
ECF

### STIPULATION

The parties hereby stipulate to the following matters:

1. John Hauck, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which is a vaccine contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the flu vaccine on October 26, 2022.[1]

3. The vaccination was administered within the United States.

---

[1] On November 11, 2022, petitioner received a COVID-19 vaccine. Vaccines against COVID-19 are not contained in the Vaccine Injury Table. *See* 42 U.S.C. § 300aa-14 and 42 C.F.R. § 100.3(a). Pursuant to the declaration issued by the Secretary of Health and Human Services under the Public Readiness and Emergency Preparedness Act (42 U.S.C. §§ 247d-6d, 247d-6e), claims for alleged injuries from COVID-19 countermeasures, including vaccines, may be compensable under the Countermeasures Injury Compensation Program ("CICP"). *See* 85 Fed. Reg. 15198, 15202 (March 17, 2020).

4. Petitioner developed Guillain-Barré Syndrome ("GBS") within the time period set forth in the Table following receipt of the flu vaccine and experienced the residual effects of GBS for more than six months.

5. There is not a preponderance of evidence demonstrating that petitioner's GBS is due to a factor unrelated to vaccination.

6. Petitioner represents that there has been no prior award or settlement of a civil action for damages on petitioner's behalf as a result of petitioner's condition.

7. Accordingly, petitioner is entitled to compensation under the terms of the Vaccine Act for his GBS Table injury. Therefore, a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue a lump sum payment of **$123,209.98** in the form of a check payable to petitioner. This amount represents compensation for all damages that are available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can

2

reasonably be expected to be made under any State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42

U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded

pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-

15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award

for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided

pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a

strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C.

§ 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's

individual capacity, and on behalf of petitioner's heirs, executors, administrators, successors or

assigns, (a) does forever irrevocably and unconditionally release, acquit, and discharge the

United States and the Secretary of Health and Human Services from any and all actions or causes

of action (including agreements, judgments, claims, damages, loss of services, expenses, and all

demands of whatever kind or nature) that have been brought, could have been brought, or

hereafter could be timely brought in the Court of Federal Claims, under the Vaccine Injury

Compensation Program, 42 U.S.C. § 300aa-10 et seq., (i) on account of, or in any way growing

out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of

petitioner resulting from, or that may be alleged to have resulted from, the vaccinations

administered on October 26, 2022 and November 11, 2022, and (ii) that petitioner has had, now

has, or hereafter may have with respect to the injury that gave rise to the petition for vaccine

compensation filed on or about July 12, 2023, in the United States Court of Federal Claims as petition No. 23-1069V; and (b) waives any and all rights to any compensation that may be available under the Countermeasures Injury Compensation Program (CICP), 42 U.S.C. § 247d-6e (or an action under 42 U.S.C. § 247d-6d(d)), for a claim alleging that a covered countermeasure, including the COVID-19 vaccination administered on November 11, 2022, on its own or in combination with the flu vaccination administered on October 26, 2022, caused or seriously aggravated the injuries that were the subject of the petition for vaccine compensation filed on or about July 12, 2023, in the United States Court of Federal Claims as petition No. 23-1069V, including GBS, for which petitioner will receive compensation pursuant to this Stipulation. If petitioner has such a claim currently pending with the CICP, petitioner hereby withdraws such claim for compensation in the CICP.[2] If no claim for compensation has been filed in the CICP as of the date this Stipulation is filed, petitioner waives the right to file a claim as described in this paragraph for compensation in the CICP.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

---

[2] After entry of judgment reflecting a decision consistent with the terms of this Stipulation, petitioner agrees that respondent will send this Stipulation to the CICP as evidence of petitioner's withdrawal of their CICP claim and waiver of any potential compensation under the CICP.

4

as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. The Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's GBS or any other injury or her current condition; however, petitioner has satisfied the Table criteria to establish entitlement to compensation.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

*John F. Hauck*

JOHN HAUCK

**ATTORNEY OF RECORD FOR**
**PETITIONER:**

*Ronald C. Homer by*
*Christina Ciampolillo by Rule 83.1(c)(2)*

RONALD HOMER
Attorney for Petitioner
Conway Homer, P.C.
16 Shawmut Street
Boston, Massachusetts
Phone: (617) 695-1990
Fax: (617) 695-0800
Email: rhomer@ccandh.com

**AUTHORIZED REPRESENTATIVE**
**OF THE ATTORNEY GENERAL:**

*Heather L. Pearlman*

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE**
**OF THE SECRETARY OF HEALTH**
**AND HUMAN SERVICES:**

Jeffrey S. Beach -S     Digitally signed by Jeffrey S. Beach -S
                        Date: 2025.01.02 14:07:59 -05'00'     for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08W-25A
Rockville, Md 20857

**ATTORNEY OF RECORD FOR**
**RESPONDENT:**

*Bridget Corridon*

BRIDGET A. CORRIDON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
202-305-4117
bridget.corridon@usdoj.gov

Dated: 01 | 15 | 2025

6